In re Robert JOHNSON, Debtor.

Robert JOHNSON, Plaintiff,

v.

FORD MOTOR CREDIT CO.,
Defendant.

Bankruptcy No. 85 B 6575.
Adv. No. 85 A 606.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Oct. 18, 1985.

Zalutsky & Pinski, Ltd., Chicago, Ill., for Johnson.

Law Offices of Lawrence Friedman, Steven J. Sensibar, Chicago, Ill., for FMC.

## MEMORANDUM AND ORDER

ROBERT E. GINSBERG, Bankruptcy Judge.

The issue presented in this adversary proceeding is whether the debtor can recover $203.68 of the debtor's wages held by his employer pursuant to a wage garnishment in favor of the adversary defendant Ford Motor Credit Co. ("FMC"). The debtor alleges that these wages are exempt and that FMC's garnishment lien is avoidable under 11 U.S.C. §§ 522(f)(1) and (g) [1] of the Bankruptcy Code. The debtor also seems to suggest that he can avoid the garnished funds as a preference under §§ 522(h) and 547.[2] Indeed, FMC assumed as much by

---

1. Unless otherwise noted, all statutory references are to the current version of Title 11 of the United States Code.

2. This appears to be how FMC interprets the following language in the debtor's complaint. "2. His employer Darling & Co., is holding the sum of $203.68 pursuant to a (garnishment) for wages earned by the petitioner four months

prior to the filing of the Petition in Bankruptcy subject to the order of this Court." Although the four month period has not been relevant under the preference provision in cases filed for the past six years (*compare* § 547(b)(4)(A) with old Bankruptcy Act § 60(a)(1) (11 U.S.C. § 96(a)(1) (repealed 1979), we will address the issue of preference because FMC addresses that issue in its summary judgment motion.

devoting a large portion of its motion for summary judgment to rebut the application of those sections by claiming that the debtor cannot prevail under them because he lost all interest in the wages once the garnishment summons was served on his employer. FMC further alleges that § 547(c)(7) would preclude the debtor from recovering the funds as a preference.

*§ 522(h)*

As stated above, although the debtor has not specifically sought relief under § 522(h), the Court will apply a liberal interpretation of the debtor's complaint, consistent with Rule 8(f) of the Federal Rules of Civil Procedure, to conclude that he also essentially seeks relief under that statutory section. That section allows a debtor, inter alia, to avoid a preferential transfer of exempt property that the trustee could have avoided under § 547 where the trustee fails to do so.[3] The trustee in this case has shown no inclination to attack the FMC garnishment.

Even if the debtor could prove that the garnishment constituted a preference, we agree with FMC that the debtor could not avoid the transfer because of a recently created exception to the avoidability of preferences in § 547(c)(7). Section 547(c)(7), added by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. 98–353, § 310, states that a trustee may not avoid a transfer under § 547 "if, in a case filed by an individual debtor whose debts are primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $600." This language clearly

and unambiguously expresses Congress's intent to permit relatively small transfers of the debtor's property before the filing of the bankruptcy petition to stand regardless of whether they have the effect of preferring one creditor over another. Although it might be argued that Congress intended § 547(c)(7) to apply to voluntary transfers only, Congress did not distinguish between voluntary and involuntary transfers for purposes of § 547(c)(7). It would be impermissible for this Court to do so in light of the section's plain language. Although we think that Congress directed § 547(c)(7) at trustees proceeding under § 547 rather than debtors asserting exemption rights and proceeding under § 522(h),[4] the broad language of § 547(c)(7) is clear and applies to all proceedings under § 547 regardless of who is bringing them and regardless of whether the property to be recovered will be exempt or not. The debtor's rights under § 522(h) are derivative; they derive from rights of the trustee with respect to exempt property which the trustee has failed to assert. The debtor's rights cannot be greater under § 522(h) than the trustee's rights under § 547. Thus, we must conclude that if the trustee could not recover the garnished wages under § 547, the debtor cannot do so under § 522(h) despite the policies of the Bankruptcy Code favoring the debtor's fresh start and in that regard a liberal approach to the debtor's exemption rights. *In re Barker*, 768 F.2d 191, 194–95 (7th Cir.1985). The language of § 547(c)(7) when read with § 522(h) mandates the conclusion we reach. Regardless of whether we agree with the policy implications of the result, the wisdom of such a

**3.** § 522(h) states:
  The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—
    (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
    (2) the trustee does not attempt to avoid such transfer.

**4.** The legislative history of § 547(c)(7) suggests that it was intended to overrule cases such as

*Barash v. Public Finance Corp.*, 658 F.2d 504 (7th Cir.1981), where trustees recovered small installment payments on unsecured debts made by consumer debtors within 90 days preceding a petition as preferences and used the proceeds to pay costs of administration rather than make significant payments to creditors. The evil addressed thus was trustees not debtors. *See* S. Rep. No. 97–446, 97th Cong., 2d Sess. 24 (1982). The legislative history is silent with respect to the question of whether debtors are included in the § 547(c)(7) exception.

result is for Congress to address, not this Court.

■ The garnished wages amounted to $203.68. Therefore, the transfer clearly falls within the ambit of § 547(c)(7). Accordingly, the debtor cannot recover the wages under § 522(h). *Accord, In re Holyfield,* 50 Bankr. 695 (Bankr.D.Md.1985). However, there may be other theories under which the debtor can recover the garnished wages.

### § 522(f)(1)

Section 522(f)(1) permits a debtor to avoid a lien if four requirements are met: (1) the lien the debtor seeks to avoid is a judicial lien; (2) the debtor claims an exemption in the property to which the debtor is entitled under § 522(b); (3) the creditor's lien impairs the debtor's exemption; and (4) the debtor has an interest in the property. 11 U.S.C. § 522(f)(1); *See also In re Webb,* 49 Bankr. 646, 650 (Bankr.E.D.Va.1984).

■ The lien the debtor seeks to avoid clearly satisfies the first criterion. A garnishment lien is a "judicial lien." *Matter of Lewis,* 21 Bankr. 926, 927 (Bankr.N.D.

Ala.1982). The Bankruptcy Code defines a judicial lien as a lien in the debtor's property by a creditor as a result of "judgment, levy, sequestration, or other legal or equitable proceeding."[5] A typical garnishment is a legal proceeding instituted postjudgment by the judgment creditor against a third party holding the judgment debtor's property. *See Peter Fischer Import Motors, Inc. v. Buckley,* 121 Ill.App.3d 906, 910, 77 Ill.Dec. 290, 294, 460 N.E.2d 346, 350 (1984).[6] A garnishment lien arises under Illinois law when the employer is served with the garnishment summons. Ill.Ann.Stat. ch. 110, § 12–808 (Smith-Hurd 1985). Thus, a judicial lien arose when the employer was served with the garnishment summons.

■ The second requirement under § 522(f)(1) is that the debtor must properly claim an exemption in the relevant property.[7] The debtor has not cited in his complaint the statutory authority he relies upon in claiming the garnished wages as exempt property. Nevertheless, in the context of a summary judgment motion the Court can readily determine where such

---

**5.** § 101(30).

**6.** Actually, under Illinois law a garnishment proceeding is the procedure by which a judgment creditor reaches nonwage assets of the debtor in the hands of third parties. Nichols Illinois Civil Practice § 5346.63 (1982). Wages of the debtor can be obtained by a judgment creditor from an employer through a wage deduction order. *Id.* The differences between the garnishment and wage deduction processes are significant for purposes of this opinion. Nevertheless, the more commonly accepted term "garnishment" will be used although what is involved is technically a wage deduction.

On a somewhat oversimplified basis, the Illinois wage deduction process is a three step process. A garnishment summons is served on the employer by a judgment creditor. Ill.Ann.Stat. ch. 110, § 12–806 (Smith-Hurd 1985). A hearing is held at which objections of the debtor and/or employer, or third parties, if any, to the garnishment can be heard. Ill.Ann.Stat. ch. 110, § 12–811 (Smith-Hurd 1985). If no valid defenses are asserted, the creditor gets a judgment, a wage deduction order, ordering the employer to pay the wages over to the judgment creditor. Ill.Ann.Stat. ch. 110, §§ 12–802, 811 (Smith-Hurd 1985). From the time the summons is

served until a wage deduction order is entered, the employer holds the wages essentially as a stakeholder. Ill.Ann.Stat. ch. 110, § 12–808 (Smith-Hurd 1985). In general, only 15% of a debtor's gross wages may be taken under the wage deduction process. Ill.Ann.Stat. ch. 110, § 12–803 (Smith-Hurd 1985).

Illinois also has a prejudgment garnishment provision. Ill.Ann.Stat. ch. 110, § 4–126 (Smith-Hurd 1985). It does not appear to be in issue in this case as the garnishment in question appears to be post judgment. Our analysis would be essentially the same were this a prejudgment garnishment. In any case, the prejudgment garnishment of wages without prior notice is of highly doubtful constitutional validity and is rarely, if ever, used these days in Illinois. *See Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969).

**7.** In the instant case the debtor did not list the garnished wages as exempt property on his exemption election form filed with the court. It should be noted that the debtor's failure to list the garnished wages as exempt does not preclude his claim under § 522(f) as long as those wages could have been claimed as exempt. *In re Yamamoto,* 21 Bankr. 58, 59 (Bankr.D.Hawaii 1982).

exemption right arises. Illinois has chosen to opt out of the federal exemptions, Ill. Ann.Stat. ch. 110, § 12–1201 (Smith-Hurd 1985); therefore, the debtor is limited to claiming that property exempt under the Illinois statutory exemption provisions. Ill. Ann.Stat. ch. 110, § 12–901 *et seq.* (Smith-Hurd 1985). Under the Illinois statutes, one provision that allows an exemption for garnished wages is the "wild card" exemption, which allows a debtor to claim an exemption in "[t]he debtor's equity interest, not to exceed $2,000 in value, in any other property.[8] Ill.Ann.Stat. ch. 110, § 12–1001(b)(Smith-Hurd 1985). The United States Court of Appeals for the Seventh Circuit has recently held that the phrase "any other property" is to be read in a broad fashion to favor debtors. *See Barker,* 768 F.2d at 196 (7th Cir.1985). Applying the Seventh Circuit's directive and a reasonable interpretation of the phrase "any other property," this Court finds that a debtor can claim garnished wages as exempt property under § 522(f)(1). Thus, the Court will assume for purposes of this summary judgment motion, as FMC seems to concede, that the debtor satisfies the second requirement by claiming the garnished wages as exempt under the Illinois "wild card" exemption provision.

Under the third requirement of § 522(f)(1), the debtor must prove that the creditor's lien impairs the claimed exemption. The Illinois "wild card" exemption authorizes the debtor to claim an exemption in property in which the debtor possesses an equity interest up to $2,000. As stated previously the Court is operating under the assumption that the debtor is claiming the $203.68 in wages as exempt under this statutory provision. For purposes of this summary judgment motion, the Court assumes FMC's lien impairs the exemption because FMC has not asserted

that the debtor already has claimed the full exemption amount in other property.

■ A somewhat more difficult issue is raised in connection with the fourth requirement of § 522(f)(1), i.e., whether the debtor possesses an interest in the garnished wages. An answer to that question requires an examination of state garnishment laws. *In re Town & Country Color Television, Inc.,* 22 Bankr. 421, 423 (Bankr. D.N.M.1982). Illinois law provides that a judgment creditor possesses a lien on the debtor's wages after service of the garnishment summons on the debtor's employer. Ill.Ann.Stat. ch. 110, § 12–808 (Smith-Hurd 1985); *In re Marriage of Souleles,* 111 Ill.App.3d 865, 872–73, 67 Ill.Dec. 485, 489, 444 N.E.2d 721, 725 (1982). This lien attaches to wages due from the employer and wages subsequently earned until the expiration of the employer's last pay period prior to 56 days after service of the summons. Ill. Rev.Stat. ch. 110, § 12–808 (Smith-Hurd 1985).

Although the garnishment summons creates a lien on the debtor's wages, it does not divest the debtor of his or her interest in the wages. The garnishment summons merely initiates the procedure whereby the creditor seeks to apply the debtor's non-exempt wages in satisfaction of the underlying judgment. In effect, it freezes a portion of the debtor's wages in the employer's hands to allow the debtor and creditor to litigate over who is entitled to them. The creditor does not have an unconditional right to those wages until the court enters a wage deduction order.[9] The entry of that order is the key step in the process. The statute specifically provides that the wage deduction order has the force and effect as a judgment. Ill.Ann.Stat. ch. 110, § 12–802 (Smith-Hurd 1985). In essence, it settles all competing claims to the debtor's non-exempt wages. Until the court enters the

---

8. The Court assumes that the debtor has already claimed up to 85% of his gross wages as exempt under Illinois law in the garnishment proceeding itself. Ill.Ann.Stat. ch. 110, § 12–803 (Smith-Hurd 1985).

9. Even if the debtor's employer fails to abide by the statute and appear and answer the judgment creditor's interrogatories, the creditor still is not entitled to the amount of wages due from the debtor, but rather gains only a conditional judgment. Ill.Ann.Stat. ch. 110, § 12–807(a) (Smith-Hurd 1985).

wage deduction order, the debtor maintains an interest in those wages. *See In re Yamamoto,* 21 Bankr. 58, 59 (Bankr. D. Hawaii 1982). *See also In re Gibbs,* 39 Bankr. 214, 215 (Bankr.W.D.Ky.1984); *Matter of Woodman,* 8 Bankr. 686, 687–88 (Bankr.W.D.Wis.1981). *But see Matter of Coppie,* 728 F.2d 951, 952 (7th Cir.1984) *cert. denied,* —— U.S. ——, 105 S.Ct. 777, 83 L.Ed.2d 772 (1985) (interpreting Indiana law).

This result is compelled by the fact that during the time after the garnishment summons is served but before the wage deduction is ordered, the debtor may contest the creditor's underlying judgment at a wage deduction hearing. *See Felton v. Shead,* 6 Ill.App.3d 123, 126, 285 N.E.2d 162, 164 (1972). The debtor therefore possesses an interest in those wages for § 522(f)(1) purposes. This conclusion is supported by the fact that the statute appears to create a cause of action for the debtor against his or her employer if the employer disperses the debtor's wages to the judgment creditor before the court enters a wage deduction order. *See* Ill.Ann.Stat. ch. 110, § 12–812 (Smith-Hurd 1985). Section 12–812 provides that the *wage deduction order* (not the garnishment summons) discharges the employer from all claims by the debtor for payments made pursuant to that order. This section implies that the employer is liable to the debtor for payments made before the order. Therefore, the debtor must retain an interest in the non-exempt wages until the court enters a wage deduction order. Otherwise, the debtor's lack of interest in the wages would prevent any legal recourse against the employer for pre-wage deduction order payments. In effect, the employer would claim that no harm occurred because the debtor had no interest in the wages. In that case § 12–812 of the Illinois statutes would be rendered meaningless.

■ The problem in the instant case is that the Court cannot determine from the pleadings on file whether the debtor still has an interest in the wages in question. The debtor and FMC have failed to indicate whether the debtor's employer is holding his wages pursuant to a garnishment summons or pursuant to a wage deduction order. The Court cannot grant FMC's motion where such a material fact question remains unanswered. Summary judgment is only appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ. P. 56(c); Bankr. Rules 7056, 9014; *In re Manchester Lakes Associates,* 47 Bankr. 798, 800 (Bankr.E.D.Va. 1985). The movant has failed to meet the summary judgment test regarding the debtor's cause of action under § 522(f)(1).

■ However, it is necessary to address FMC's contention that § 547(c)(7) "supercedes" § 522(f). Simply stated, FMC's conclusion is incorrect. The two sections can and must be read in *pari materia.* They operate independently. Section 547(c)(7) only operates when the transaction in question is shown to be a preference. Under either subsection of § 522(f) there is no requirement that the debtor prove the elements of a preference in order to be able to avoid the transaction in question. For example, a debtor can avoid a judicial lien in exempt property which arose more than 90 days before the petition. *Compare* § 522(f)(1) with § 547(b)(4). The debtor does not need to claim that the lien in question in this case was in any way preferential in order to avoid it under § 522(f)(1). The debtor merely has to show that a judicial lien impairing his exemption rights existed at the time of the petition. Only if the debtor fails under § 522(f)(1) must the debtor turn to the preference provision for relief. *Compare* § 522(f)(1) with § 522(h). Sections 522(f) and 522(h) are independent remedies available to debtors in connection with securing and protecting rights in exempt property. It is § 522(h), not § 522(f), which gets the debtor to § 547. Therefore, § 547(c)(7) in no way limits the debtor's rights under § 522(f) although as held previously in this opinion it does limit the debtor's rights under § 522(h). Nothing in the BAFJA legislative history suggests that Congress in any way intended to limit the debtor's rights under

§ 522(f)(1) or (2) to transactions involving $600 or more.

## § 522(g)

 Section 522(g) allows a debtor to claim an exemption in property that the trustee recovered pursuant to §§ 510(c)(2), 542, 543, 550, 551 or 553.[10] Neither party has alleged that the trustee has recovered any of the debtor's property under those sections. Nevertheless, legislative history and case law permit the debtor to pursue property and exempt property recovered under § 522(g). *See* H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 362 (1977), U.S.Code Cong. & Admin. News 1978, p. 5787; *In re Smith,* 45 Bankr. 100, 105–6 (Bankr.E.D. Va.1984).

 The debtor's complaint fails to allege under which of the sections listed in § 522(g) the debtor attempts to recover. Once again the Court will choose the most likely alternative, which is the turnover provision of § 542.[11] This Code section provides in relevant part that a third party must turn over the debtor's property to the trustee if the trustee could use, sell or lease that property or the debtor could claim the property as exempt. It must be proven that the debtor maintains a legal or equitable interest in the property for the turnover section to apply. 11 U.S.C. § 541(a)(1); *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983); *In re Creative Data Forms, Inc.,* 41 Bankr. 334, 336 (Bankr.E. D.Pa.1984). This Court has already held that FMC failed to show for purposes of this motion that the debtor has no interest in the garnished wages. Without such

proof FMC's motion for summary judgment must be denied.

## Conclusion

Based on the foregoing, the defendant's motion for summary judgment is granted as to § 547(c)(7). However, it is denied as to §§ 522(f)(1) and (g). The debtor has filed no cross motion for summary judgment. Accordingly, the debtor's complaint is set for trial on December 9, 1985 at 2:00 p.m.

**10.** Section 522(g) states:

Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor, and (B) the debtor did not conceal such property; or (2)

the debtor could have avoided such transfer under subsection (f)(2) of this section.

**11.** Section 510(c)(2) concerns equitable subordination. Section 543 involves the turnover of property by a custodian. Section 550 governs the liability of a transferee of an avoided transfer. Section 551 deals with the automatic preservation of an avoided transfer. Section 553 determines setoff. None of these obviously is applicable to the instant case.