In re Kenneth R. HARVILLE, Debtor.

Kenneth R. HARVILLE, Plaintiff,

v.

Barry MORRIS, Defendant.

Bankruptcy No. 3–85–01864.
Adv. No. 3–85–0114.

United States Bankruptcy Court,
W.D. Kentucky.

April 7, 1986.

Walter Bedford, Jr., Louisville, Ky., for debtor-plaintiff.

Michael T. Pate, Louisville, Ky., for defendant.

## OPINION–ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the Court in a confusing procedural posture. The debtor filed a motion to avoid and recover a preferential transfer in the amount of $103.89, representing wages garnished by the defendant-creditor within ninety days prior to the commencement of the case. The debtor then filed an Amended Complaint (although there was never filed an original Complaint), alleging the preference or alternatively, that the garnished funds are exempt under 11 U.S.C. Section 522(g)(1).

■ First, it should be noted that the preference action should have been brought as an adversary proceeding, not a motion, but we will construe the Amended Complaint as curing any procedural problem. Fed.R.Civ.P. 8(f).

The debtor filed his Chapter 7 petition on August 2, 1985. On July 18, 1985, defendant initiated an action of garnishment in the Jefferson Circuit Court against the wages of the plaintiff. It was received by the plaintiff's employer on July 22, 1985. On or about August 20, 1985, defendant's attorney received the sum of $103.89 pursuant to the garnishment. The first issue is whether the transfer of the $103.89 can be avoided by the debtor as a preferential transfer under 11 U.S.C. Section 547. Section 522(h) allows a debtor to avoid a preferential transfer of exempt property that the trustee could have avoided under Section 547 where the trustee fails to do so. The trustee in this case has shown no inclination to attack the garnishment.

■ Even if the debtor could prove that the garnishment constituted a preference, we agree with defendant that the debtor could not avoid the transfer because of a recently created exception to the avoidability of preferences in Section 547(c)(7). *In re Johnson,* 53 B.R. 919, 921 (Bkrtcy., N.D. Ill.1985); Section 547(c)(7) states that a trustee may not avoid a transfer under Section 547 "if, in a case filed by an individual debtor whose debts are primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $600." The debtor's rights under Section 522(h) are derivative; they derive from rights of the trustee with respect to exempt property which the trustee has failed to assert. Thus, we conclude that if the trustee could not recover the garnished wages under Section 547, the debtor cannot do so under Section 522(h). *In re Johnson, supra.*

The garnished wages amounted to $103.89 and the debts herein are primarily

consumer debts. Therefore, the transfer clearly falls within the ambit of Section 547(c)(7). Accordingly, the debtor cannot recover the wages under Section 522(h). Accord, *In re Hollyfield*, 50 B.R. 695 (Bkrtcy., D.Md.1985).

However, there may be other theories under which the debtor can recover the garnished wages. The debtor has claimed the wages are exempt under 11 U.S.C. Section 522(g)(1) and 522(d)(3), (5). We find debtor's reliance on these sections to be misplaced. Kentucky has chosen to opt out of the federal exemptions. *In re Roehrig*, 36 B.R. 505 (Bkrtcy., W.D.Ky., 1983). Therefore, the debtor is limited to claiming the property exempt under the Kentucky statutory exemption provisions. K.R.S. 427.005 *et seq.* It is Section 522(f) that permits a debtor to avoid a lien if four requirements are met: (1) The lien the debtor seeks to avoid is a judicial lien; (2) The debtor claims an exemption in the property to which the debtor is entitled under Section 522(b); (3) The creditor's lien impairs the debtor's exemption; and (4) The debtor has an interest in the property. *In re Johnson, supra* at 922; *See, In re Gibbs*, 39 B.R. 214 (Bkrtcy., W.D.Ky.1984).

■ We have no trouble finding that a garnishment lien is a "judicial lien". *Matter of Lewis*, 21 B.R. 926, 927 (Bkrtcy., N.D.Ala.1982). The Bankruptcy Code, Section 101(30) defines a judicial lien as a lien in the debtor's property by a creditor as a result of "judgment, levy, sequestration, or other legal or equitable proceeding". A garnishment lien arises under Kentucky law when the employer is served with the order of garnishment. K.R.S. 425.501.

■ The second requirement under Section 522(f)(1) is that the debtor must properly claim an exemption in the relevant property. The debtor has cited in his complaint the incorrect statutory authority he relies upon in claiming the garnished wages as exempt property. The debtor also did not list the garnished wages as exempt property on his Schedule B-4. K.R.S. 427.160 is the "wild card" exemption which allows a debtor to claim an additional exemption "... not to exceed $1,000 in value to be applied toward any property, real or personal, tangible or intangible in his estate ..." We believe that the debtor can satisfy the second requirement by claiming the garnished wages as exempt under the Kentucky "wild card" exemption provision. However, he has not yet done so. Therefore, we find it unnecessary to reach, in this opinion, the question of whether the debtor has satisfied the third and fourth requirements: proving that the creditor's lien impairs the claimed exemption, and whether the debtor possesses an interest in the garnished wages.

Accordingly, and the Court being sufficiently advised,

IT IS HEREBY ORDERED that the debtor is given fifteen (15) days in which to amend his motion and schedules, and claim the garnished wages as exempt under Section 522(f) and K.R.S. 427.160. After such amendment, if any, the matter will then be taken under submission for resolution of the remaining issues.

This is a final and appealable Order, and there is no just cause for delay.