**In re Kenneth R. HARVILLE, Debtor.**

**Kenneth R. HARVILLE, Plaintiff.**

**. v.**

**Barry MORRIS, Defendant.**

**Bankruptcy No. 3–85–01864.
Adv. No. 3–85–0114.**

United States Bankruptcy Court,
W.D. Kentucky.

July 17, 1986.

Walter Bedford, Jr., Louisville, Ky., for debtor/plaintiff.

Michael T. Pate, Louisville, Ky., for Defendant.

## ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

■ This matter comes before the Court on debtor's motion to avoid a judicial lien which impairs the debtor's statutory exemption pursuant to K.R.S. 427.160. This Court entered an Order on April 7, 1986, 60 B.R. 188, granting the debtor fifteen (15) days in which to amend his previous motion and schedules and claim the garnished wages as exempt under 11 U.S.C. Section 522(f) and K.R.S. 427.160. The debtor has now amended his Schedule B–4, claiming as exempt household furnishings and books in the amount of $625.00, summer and winter clothing in the amount of $300.00, and the garnished wages in the amount of $103.89, for a total of $1,028.89.

Section 522(f) permits a debtor to avoid a lien if four requirements are met: (1) The lien the debtor seeks to avoid is a judicial lien; (2) The debtor claims an exemption in the property to which the debtor is entitled under Section 522(b); (3) the creditor's lien impairs the debtor's exemption; and (4) the debtor has an interest in the property. *In re Johnson*, 53 B.R. 919, 922 (Bkrtcy.,N.D. Ill.1985). We found in our Order of April 7, 1986 that this lien is a judicial lien. *In re Harville*, 60 B.R. 188, 190 (Bkrtcy.,W.D. Ky.1986). We also find that the debtor is entitled to this exemption pursuant to K.R.S. 427.160, which allows a debtor to claim an additional exemption "... not to exceed $1,000.00 in value to be applied toward any property, real or personal, tangible or intangible in his estate ...". Further, we find herein that the creditor's lien in question in the amount of $103.89 impairs this exemption available to the debtor pursuant to K.R.S. 427.160.

■ The fourth issue raised by Section 522(f) is whether the debtor possesses an interest in the garnished wages. An answer to that question requires an examination of Kentucky garnishment law. K.R.S. 425.506 provides that an order of garnishment of earnings, as defined in K.R.S. 427.-005, creates a lien on all non-exempt earnings earned during the pay period in which the order is served on the employer. Although the garnishment order creates a lien on the debtor's non-exempt wages, it does not divest him of his interest in the wages. The garnishment summons merely initiates the procedure whereby the creditor seeks to apply the debtor's non-exempt wages in satisfaction of the underlying judgment. K.R.S. 425.501. The procedure invoked by application of K.R.S. 425.501, merely summons the garnishee to appear in person or by affidavit. The garnishee has the right to present proof on the issue of the debt allegedly owed by him. K.R.S. 425.511. The creditor does not have an unconditional right to those wages until such proof has been submitted and an appropriate order entered thereto, unless there has been a default by the garnishee. K.R.S. 425.511(2). Accordingly, and the Court being sufficiently advised,

IT IS HEREBY ORDERED that the judicial lien is hereby avoided.

IT IS FURTHER ORDERED that the defendant, Barry Morris, and/or his attorney in possession of said garnished wages, return to the debtor the sum of $103.89.

This is a final and appealable Order, and there is no just cause for delay.