**In re Douglas A. IRVINE, Debtor.**

**Bankruptcy No. 3–87–02217(2)7.**

United States Bankruptcy Court,
W.D. Kentucky.

Feb. 5, 1988.

Edward A. Mayer, Louisville, Ky., for debtor.

Joseph J. Golden, Louisville, Ky., Trustee.

Karl N. Victor, Louisville, Ky., for I.T.T.

## OPINION–ORDER

J. WENDELL ROBERTS, Bankruptcy Judge.

This matter is before the Court on the debtor's motion to avoid involuntary trans-

fers to creditors pursuant to Section 522(g) of the Bankruptcy Act. Counsel for the Debtor has cited us to the case of *In re Harville*, 60 B.R. 188 (Bkrtcy.W.D.Ky. 1986) which we feel is dispositive of the issue at hand.

Simply put, the facts are that the debtor filed a Chapter 7 petition on August 20, 1987. Within ninety days of the filing, the debtor's wages were garnished six times by three different creditors totaling about $680.00. After the filing of the petition, the debtor made a motion to the Court to avoid the involuntary transfers and recover all monies that were garnished from the debtor's wages within this 90-day time period. Counsel for one of the creditor's, I.T.T. Financial Services, objected to the motion but could not provide the Court with any grounds for the objection nor any case law to substantiate his position.

■ We feel the case of *In re Harville*, supra, decided by Judge G. William Brown, here, in the Western District of Kentucky, speaks clearly to the issue of lien avoidance in Kentucky. In the *Harville* case, the debtor also had his wages garnished by creditors shortly prior to his filing a Chapter 7 petition. The debtor then motioned the Court to avoid and recover those garnished wages totaling $103.89 as preferential transfers pursuant to Section 547.

The court, citing *In re Johnson*, 53 B.R. 919, 921 (Bkrtcy.N.D.Ill.1985), stated that "the debtor could not avoid the transfer as a preference because of newly created exception to the avoidability of preferences in Section 547(c)(7)." This section states that "the trustee may not avoid under this section a transfer ... if, in a case filed by an individual debtor whose debts are primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $600.00." In the *Harville* case, the Court overruled the debtor's motion to avoid the lien as a preferential transfer under Section 547(c)(7) since the total amount of the transfer was less than the required $600.00. In the instant matter, the transfer to *each* creditor is less than $600.00.

■ The Court in *Harville* did allow the debtor some hope to avoid the lien under Section 522(f) of the Bankruptcy Code which allows a debtor to avoid a lien if four requirements are met: (1) the lien is a judicial lien; (2) the debtor claims an exemption in the property to which the debtor is entitled under Section 522(b); (3) the creditor's lien impairs the debtor's exemption; and (4) the debtor has an interest in the property. *In re Harville*, supra at 190; *In re Johnson*, supra at 922.

In order to find that the first requirement had been met, the *Harville* court stated that it had no trouble finding that garnishment liens were judicial liens. However, the Court found that the second requirement was not met since the debtor had claimed no exemption in the garnished wages. The Court allowed the debtor fifteen days to amend his motion and schedules and claim the wages as exempt under Section 522(f) and K.R.S. 427.160. After the debtor made his amendments, the Court, in a later opinion, *In re Harville*, 63 B.R. 371 (Bkrptcy.W.D.Ky.1986) decided that the remaining two requirements had been met and allowed the debtor to avoid the garnishment lien and recover the $103.89.

In the present case, we have the same scenario as in the *Harville* case. We find the first requirement has been satisfied since garnishment liens are considered judicial liens pursuant to the *Harville* case. The second requirement, however, is the stumbling block which prevents us from going any further in resolving our main issue of lien avoidance. The debtor has not claimed an exemption in the garnished wages on his Schedule B-4. We feel that if the debtor amends his motion and schedule so that he properly claims the garnished wages as exempt, then he will satisfy the second requirement and the Court will then be able to proceed with its final resolution of this case.

Accordingly, and the Court being sufficiently advised,

IT IS HEREBY ORDERED that the debtor shall have fifteen (15) days to amend his motion and schedules and claim

the garnished wages as exempt under Section 522(f) and K.R.S. 427.160. After such amendment, the case will then be taken under submission for a final resolution of the issues.

This is a final and appealable Order, and there is no just cause for delay.