**In re Jimmy SLAUGHTER, Aridell Slaughter, Debtors.**

**Bankruptcy No. 89 B 17698.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

April 28, 1992.

Mark Ryan, Chicago, Ill., for trustee.

Lorraine M. Greenberg, Greenberg & Associates, Chicago, for debtors.

## MEMORANDUM, OPINION AND ORDER

ROBERT E. GINSBERG, Bankruptcy Judge.

This matter is before the court on the trustee's motion for an order directing payment of funds held by the trustee at the time of dismissal to the Slaughter's creditors, or in the alternative, to the Slaughters.

The relevant facts are simple. The Slaughters filed a joint Chapter 13 petition on October 20, 1989. Before the debtor's plan was confirmed, an order was entered directing Aridell Slaughter's employer, the Chicago Board of Education, to withhold $636.00 biweekly from her paycheck to fund first the payments required by § 1326 in connection with a proposed plan and later the payments required by the confirmed plan. The debtors' plan was confirmed on February 9, 1990. In February, 1992 the debtors moved to dismiss their Chapter 13 case. That motion was granted of right on February 12, 1992. *See,* 11 U.S.C. § 1307(b). At present, the trustee is holding approximately $2,313 available for distribution to creditors, from funds paid over to the trustee by the Board of Education under the wage deduction order, before the order of dismissal. The trustee thinks that money should be distributed to creditors as provided in the debtors' plan. The debtors take the view that the plan was terminated with the dismissal of the case and the money should be turned over to them.

1. Similarly, because the debtors' plan was confirmed, cases arising under § 1326(a)(2) of the Bankruptcy Code dealing with how the trustee

## JURISDICTION AND PROCEDURE

The matter is before this court for determination under Local Rule 2.33 of the United States District Court for the Northern District of Illinois automatically referring bankruptcy cases and proceedings to this court for hearing and determination. Upon dismissal, this court has jurisdiction to hear and decide this dispute as a proceeding arising under 11 U.S.C. § 349. *See,* 28 U.S.C. § 1334(b). This dispute is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (L).

## DISCUSSION

The issue before the court is whether the money the trustee was holding from the wage deduction order at the time of the debtors' voluntary dismissal of their Chapter 13 case should be distributed to creditors in accordance with the terms of the debtors confirmed plan or should be given back to the debtors.

The court is aware of only one appellate decision, *In re Nash,* 765 F.2d 1410 (9th Cir.1985), that discusses this precise issue. All the other cases cited by both the debtors and the trustee concern the status of funds held by the Chapter 13 trustee when a Chapter 13 case is *converted* to a case under Chapter 7 rather than the status of the funds on dismissal. Although conversion and dismissal of a Chapter 13 case have some substantive and procedural similarities, this court believes that there are also significant differences between conversion and dismissal such that cases resolving the respective rights of various parties to funds held by the Chapter 13 trustee at the time of conversion offer little guidance for the issue presently before this court.[1] The consequences of conversion from Chapter 13 to Chapter 7 are dealt with by § 348 of the Bankruptcy Code. The instant dispute arises because the debtors chose to dismiss their Chapter 13 case rather than convert it to a Chapter 7 case. Accordingly, this court will have to look to

should dispose of money paid in by a debtor to fund a plan that is never confirmed are of no help here.

§ 349 of the Bankruptcy Code rather than § 348 for guidance.

Chapter 13 debtors can choose, of right, between conversion or dismissal when a Chapter 13 fails. 11 U.S.C. § 1307(a), (b). However, as suggested above, the consequences differ sharply between the two remedies. When a case is converted from Chapter 13 to Chapter 7, there is still a bankruptcy estate to administer under the Bankruptcy Code, and the debtor will ultimately receive a discharge from her debts if the provisions of Chapter 7 are met. *See,* 11 U.S.C. §§ 348, 727. On the other hand, dismissal of a Chapter 13 case has the effect of restoring, as nearly as possible, the various parties to their pre-bankruptcy positions. If a case is dismissed, the debtor is not and will not be discharged from his debts. 11 U.S.C. § 349(b). In addition, liens and transfers that were avoided in the Chapter 13 case under various avoiding powers are reinstated. *Cf.,* 11 U.S.C. § 349(a). While conversion does not generally alter estate property, dismissal terminates the estate and returns prepetition estate property to the entity in which the property was vested immediately prior to the commencement of the Chapter 13 case. 11 U.S.C. § 349(b)(3). Therefore, cases deciding whether property that was property of the estate in the Chapter 13 case should be part of the Chapter 7 estate upon conversion, including the Seventh Circuit's recent decision *In re Lybrook,* 951 F.2d 136 (7th Cir.1991), are of little assistance to this court in the instant case where the court must determine the status of property held by the Chapter 13 trustee at the time the case was dismissed, not when it was converted.

As stated previously, of greater relevance is *In re Nash,* 765 F.2d 1410 (9th Cir.1985), where the court sorted out the rights of the debtor, creditors, and the trustee to funds that were produced by a wage deduction order entered to fund the Chapter 13 plan and that were held by the trustee when the Chapter 13 case was voluntarily dismissed.[2] The court held that the debtor owned the undistributed funds held by the trustee because confirmation of the Chapter 13 plan vested ownership of the estate's assets in the debtor. *See,* § 1327(b). In addition, the court found that § 349(b)(3), which revested estate property in the entity that owned it prior to the commencement of the bankruptcy case, further supported its holding that the debtor owned the funds held by the trustee upon dismissal. It is hard to challenge the logic of *Nash.*

While the Bankruptcy Code in § 349(b)(3) only deals with property that was property of the estate prepetition, the same logic should apply to postpetition property of the estate, such as a Chapter 13 debtor's wages. *See,* § 1306. It would be anomalous to give prepetition property of the estate to the debtor under § 349(b)(3) and postpetition property of the estate to creditors. For example, suppose that on Day 1, the debtor filed a Chapter 13 petition. On Day 2 the debtor inherits property. That postpetition inheritance would undoubtedly become property of the Chapter 13 estate. *See,* 11 U.S.C. § 541(a)(5), *In re Lybrook,* 951 F.2d 136 (7th Cir.1991). Suppose further that on Day 3 the debtor's plan calling for the inherited property and a portion of the debtor's future wages to be paid to creditors is confirmed. On Day 4, before any of the property is distributed to creditors under the plan, the debtor exercises his right to dismiss the Chapter 13 case.

Clearly the debtor would be entitled to the inherited property upon dismissal of the Chapter 13 case as opposed to the debtor's creditors. This result follows because the Bankruptcy Code, in § 349, seeks to undo the bankruptcy upon dismissal and make it seem, insofar as possible, as if there had never been a Chapter 13 case. If the creditors were vested with the property

**2.** *Nash* was relied on in the recent Ninth Circuit case *In re Plata,* 958 F.2d 918 (9th Cir.1992). In *Plata,* the court ordered the Chapter 12 trustee to return the undistributed funds he held, acquired postpetition, to the debtor upon conversion to Chapter 7. Although the majority opinion thought it unnecessary to distinguish be- tween dismissal and conversion, this court agrees with the analysis of the dissenting opinion, which states that the Code itself supplies an ample reason for distinguishing between conversion and dismissal. Nevertheless, nothing in the majority opinion in *Plata* is inconsistent with the analysis of this court.

inherited by the debtor after the filing of the Chapter 13 petition, the creditors would receive a windfall because they would get something they were not entitled to under state law without pursuit of further state law proceedings.[3] The result of vesting the inherited property in the debtor serves to put the parties exactly in the position they would have been in had the debtor never filed Chapter 13. If there had been no Chapter 13 case, the inherited property would have vested in the debtor subject to whatever rights the debtor's creditors had to reach the inherited property under applicable nonbankruptcy law and procedure to satisfy their claims against the debtor. The same logic dictates that other funds held by the trustee go to the debtors rather than their creditors upon the dismissal of their Chapter 13 case. If the debtors had never filed Chapter 13, they would be entitled to possession of their wages in full, subject to whatever rights their creditors have to reach part of those wages in satisfaction of their claims under applicable nonbankruptcy law and procedure. Thus,

giving the withheld wages to the debtors on dismissal more nearly produces the situation that would have existed had the debtors never filed Chapter 13 than any other approach. There is certainly no indication that the authors of § 349 intended any other result.[4] This court holds that pursuant to § 349(b) of the Bankruptcy Code and *Nash*, supra, the debtor is entitled to receive the $2,313 from the trustee.[5]

## CONCLUSION

For the foregoing reasons, the court orders the trustee to pay to the debtor the $2,313 he received pursuant to the wage deduction order prior to the dismissal of the debtors' Chapter 13 case. And, the court directs the trustee to pay the debtor the $1,306 the trustee received pursuant to the wage deduction order after the case was dismissed.

3. This analysis does not conflict with *Matter of Lybrook*, 951 F.2d 136 (7th Cir.1991), because *Lybrook* concerns the issue of who gets post-Chapter 13 inherited property that becomes property of the Chapter 13 estate under § 541(a)(5) when the Chapter 13 case is converted. As discussed above, conversion and dismissal are not necessarily analogous.

4. Whether the property is in the "pipeline" for distribution to creditors is irrelevant. The only question is who has possession of the moment of dismissal. If the money has been paid out to creditors by the trustee under the debtor's confirmed plan, the debtor cannot recover it. *See*, § 549(a); *Matter of Ford*, 61 B.R. 913 (Bankr. W.D.Wis.1986). If the trustee still has it, the dismissal terminates the trustee's power to make further distributions under the now aborted plan. If the employer is holding the money on account of the wage deduction order, the employer is holding the money for the benefit of the estate and, effectively that money is in the custody of the trustee. *Cf., In re Johnson*, 53 B.R. 919 (Bankr.N.D.Ill.1985), *reh'g denied* 57 B.R. 635 (Bankr.N.D.Ill.1986). The dismissal takes the funds from the trustee and revests them in the debtor, § 349(b)(3), who has no obligation to make distributions to creditors under the failed Chapter 13 plan. *Cf.*, § 1326(c). *See*, H.R.Rep. No. 595, 95th Cong., 1st Sess. 337 (1977); S. Rep. No. 989, 95th Cong., 2nd Sess. 48 (1978), U.S. Code Cong. & Admin.News 1978, p. 5787.

5. The trustee received $1,306 ($653 on February 19, 1992 and again on March 2, 1992) from the debtor's employer pursuant to the wage deduction order, after the debtors' Chapter 13 case was dismissed. Section 1306(a) of the Bankruptcy Code defines estate property in Chapter 13 cases. Under § 1306(a)(2), property of the estate includes "... earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under Chapter 7 or 11 of this title, whichever occurs first...." The trustee admits that $1,306 was received after the Chapter 13 case was dismissed. Thus, under § 1306(a), assuming these funds are for services performed after the case was dismissed, this money never became part of the bankruptcy estate and the debtors are entitled to receive the $1,306 received by the trustee after the case was dismissed on account of § 1306. In fact, the trustee concedes that any money he received after dismissal belongs to the debtor, unless that money was from wages withheld on account of services performed before dismissal. To the extent the money was withheld from wages earned for services rendered before dismissal, the funds are property of the estate and are subject to the same analysis as spelled out in this opinion with respect to other property of the estate.