In re Jeffrey Clayton MOORE and Amy Jo Moore, Debtors.

Jeffrey Clayton MOORE and Amy Jo Moore, Plaintiffs,

v.

GENERAL MOTORS ACCEPTANCE CORP., Defendant.

Bankruptcy No. 94–40149.
Adv. No. 94–4064.

United States Bankruptcy Court, S.D. Illinois.

Feb. 10, 1995.

Mark D. Hassakis, Mt. Vernon, IL, for plaintiffs.

Robert P. Schulhof, Carbondale, IL, for defendant.

## OPINION

KENNETH J. MEYERS, Bankruptcy Judge.

Debtors Jeffrey and Amy Moore ("debtors") filed this turnover action to recover wages that were withheld by their employer within 90 days of bankruptcy pursuant to a wage deduction order obtained by creditor General Motors Acceptance Corporation ("GMAC"). In their complaint, the debtors allege that a total of $487 was obtained through a wage deduction proceeding within the 90–day preference period and that these wages were "part of the debtors' estate" and were "properly exempted by the debtors."

GMAC admits the factual allegations of the debtors' complaint but asserts that the debtors are not entitled to recover the withheld wages because they failed to claim them as exempt in the wage deduction proceeding initiated by GMAC prior to bankruptcy. In support of its argument, GMAC cites the personal property exemption statute in Illinois, which provides in pertinent part:

> The personal property exemptions set forth in this section shall not apply to or be allowed against any money, salary, or wages due or to become due to the debtor that were required to be withheld and upon which a wage deduction order has been entered. . . .

735 ILCS 5/12–1001.

■ The debtors' complaint does not specify the particular Bankruptcy Code provision under which they seek to avoid the transfer of wages to GMAC. However, they appear to allege that this transfer of wages was preferential under § 547 in that it was made within 90 days of bankruptcy. Only the trustee has standing under § 547 to avoid a preferential transfer; however, § 522(h) allows a debtor to avoid a transfer of property that the trustee could have avoided under § 547 if the trustee fails to act and the property could otherwise have been exempted by the debtor.[1] See In re Pilgreen, 161 B.R. 552, 553–54 (Bankr.M.D.Ga.1989); In re Johnson, 53 B.R. 919, 921 (Bankr.N.D.Ill. 1985). The debtors, therefore, may avoid the transfer of wages to GMAC if the transfer of these wages was avoidable by the trustee

---

1. Section 522(h) provides:

    The debtor may avoid a transfer of property of the debtor ... to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

    (1) such transfer is avoidable by the trustee under section ... 547 ... of this title ... and

    (2) the trustee does not attempt to avoid such transfer.

11 U.S.C. § 522(h). Section 522(g)(1), incorporated by reference in § 522(h)(1), allows the debtor to exempt property recovered by the trustee under § 547 to the extent the property was otherwise exemptible by the debtor and the property was involuntarily transferred and was not concealed by the debtor. See 11 U.S.C. § 522(g)(1).

under § 547 and if the debtors could have exempted the wages once they had been recovered by the trustee as property of the estate.

The debtors in this case cannot prevail under § 522(h) because the trustee would be unable to avoid the transfer of wages under § 547. Section 547(c)(7) contains an exception to the avoidability of preferential transfers by the trustee, providing that a transfer may not be avoided by the trustee "if, in a case filed by an individual debtor whose debts are primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $600." 11 U.S.C. § 547(c)(7).[2] By this provision, Congress expressed its intent to permit relatively small transfers of the debtor's property before bankruptcy to stand regardless of whether they have the effect of preferring one creditor over another. *In re Johnson,* 53 B.R. at 921.

A debtor's rights under § 522(h) are derivative in that they arise from the trustee's right to avoid transfers of exempt property when the trustee has failed to assert such a right. Thus, if the trustee could not recover a transfer of exempt property under § 547, neither can the debtor under § 522(h). *Id.* In this case, the trustee is precluded by § 547(c)(7) from recovering the wages obtained by GMAC within 90 days of bankruptcy in the amount of $487. Accordingly, the debtors are likewise prevented from recovering such wages under § 522(h).

Section 522(f)(1) provides another theory by which the debtors might seek to recover these wages that is not dependent on the trustee's avoiding power under § 547. *See id.* at 922, 924–25. Under § 522(f)(1), a debtor may avoid a judicial lien on property of the debtor if the lien impairs an exemption to which the debtor would otherwise be entitled.[3] By this means, a debtor may recover

such property for the estate in order to exempt it. *Id.* at 925.

Under Illinois law, a judicial lien is created on the debtor's non-exempt wages by the service of summons in a wage deduction proceeding. 735 ILCS 5/12–808(b). The amount of the debtor's non-exempt wages— the maximum amount that may be withheld—is 15% of the debtor's gross wages. 735 ILCS 5/12–803. The debtor may claim further exemptions in the withheld wages, *see* 735 ILCS 5/12–804 (wages constituting pension and retirement fund benefits or contributions are exempt from deduction orders), and may request a hearing to dispute the wage deduction on this basis. *See* 735 ILCS 5/12–811(b). Once the court makes a determination of the proper disposition of the withheld wages, however, the debtor's interest in the wages is transferred to the judgment creditor, and the debtor may no longer claim any exemption in the wages subject to the deduction order. *See In re Garcia,* 155 B.R. 173, 175–76 (N.D.Ill.1993); *In re Waltjen,* 150 B.R. 419, 424 (Bankr.N.D.Ill. 1993).

In the present case, an order was entered in the wage deduction proceeding prior to bankruptcy, and the debtors thus had no interest in the withheld wages at the time of filing that they could claim as exempt in their bankruptcy proceeding. Because a wage deduction order had been entered before the debtors' bankruptcy was commenced, this case is unlike those cases in which the debtor retained an interest in wages that were withheld pursuant to a wage deduction summons but as to which no order had been entered. *See Garcia* at 176; *Waltjen* at 425; *cf. Johnson* at 924 (summary judgment for creditor inappropriate where parties failed to indicate whether wages were held pursuant to summons or wage deduction order). While, in those cases, § 522(f)(1) was applicable to allow the debtor to avoid the

---

2. Section 547(c)(7) was renumbered as § 547(c)(8) under the Bankruptcy Reform Act of 1994, P.L. No. 103–394, 108 Stat. 4106, effective October 22, 1994.

3. Section 522(f)(1) provides:
   (f) [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the

extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
   (1) a judicial lien[.]
11 U.S.C. § 522(f)(1).

wage deduction lien and protect his exemption, the debtors here had no interest in the wages transferred by the wage deduction order prior to bankruptcy and no exemption to be protected by avoidance of a judicial lien under § 522(f)(1).

The Illinois personal property exemption provision cited by GMAC substantiates this result by prohibiting the debtor's exemption of wages required to be withheld and "upon which a wage deduction order has been entered." *See* 735 ILCS 5/12–1001.[4] Because a wage deduction order has been entered in this case, the debtors may no longer claim the wages as exempt under either the specific exemptions in the wage deduction proceeding or the general personal property exemptions in this bankruptcy proceeding. *Cf. Johnson,* 53 B.R. at 922–23, *adhered to on reh'g,* 57 B.R. 635 (debtor could assert exemption in withheld wages under general "wild card" exemption provision where no wage deduction order had been entered). In the absence of an available exemption in the withheld wages, § 522(f)(1) is not applicable to protect the debtors' exemption by avoidance of a lien on the wages.

According to the debtors' complaint, which stands admitted as to the facts of this case, GMAC obtained the wages in question pursuant to a wage deduction order entered prior to bankruptcy. As set forth above, the debtors may not avoid the transfer of these wages to GMAC under either § 522(h) or § 522(f)(1). The debtors, therefore, have no basis upon which to recover the wages held by GMAC pursuant to the wage deduction order, and the debtors' complaint for turnover of these wages must be denied.

---

4. Illinois has "opted out" of the federal exemption scheme of 11 U.S.C. § 522(d) so that Illinois residents are limited to exemptions provided by state law. *See* 11 U.S.C. § 522(b)(1); 735 ILCS 5/12–1201; *In re Peacock,* 119 B.R. 605, 607 (Bankr.N.D.Ill.1990), *aff'd,* 125 B.R. 526 (N.D.Ill. 1991). The debtors here, therefore, may not claim an exemption in the wages withheld by GMAC under 11 U.S.C. § 522(d)(5) as stated in their Schedule C.