217 B.R. 89 (1995)
In re James R. CLARK Dorothy G. Clark Debtors.
Russ WILKEY, Trustee Appellant
v.
CREDIT BUREAU SYSTEMS, INC. Appellee
Civil Action No. 4:94-CV-195-M.
United States District Court, W.D. Kentucky, Owensboro Division.
November 14, 1995.
John T. Reed, Paducah, KY, for Appellant.
Russell L. Wilkey, Castlen & Wilkey, Owensboro, KY, for Debtors.

MEMORANDUM OPINION
McKINLEY, District Judge.
This matter is before the Court on appeal from the United States Bankruptcy Court for the Western District of Kentucky. The case *90 has been fully briefed and the matter is ripe for decision.
Appellant Russ Wilkey, Trustee, sued Appellee Credit Bureau Systems, Inc., to recover money from five (5) garnishments which were made within ninety (90) days of filing bankruptcy. The debtors filed bankruptcy on July 19, 1993. Appellee recovered the following payments on the following dates:

 Date Amount of Payment
 4/29/93 $764.85
 5/27/93 $718.13
 6/03/93 $565.95
 6/17/93 $666.59
 7/06/93 $720.65

The transfers total $3,436.17. Defendant concedes that all but one transfer is preferential pursuant to 11 U.S.C. § 547(c)(7) [now 11 U.S.C. § 547(c)(8)]. Appellee voluntarily refunded $2,870.22 to the trustee, and retained only the payment received on 6/03/93 in the sum of $565.95. Appellee maintains that this transfer was not preferential under 11 U.S.C. § 547(c)(7) [now § 547(c)(8)].
The Bankruptcy Judge held that each transfer or garnishment is treated separately for purposes of 11 U.S.C. § 547(c)(7) [now § 547(c)(8)]. Thus, the one transfer received on 6/03/93, in an amount of under $600 is beyond the reach of the trustee. Trustee, Wilkey, appeals from the decision of the Bankruptcy Court.
On appeal, a bankruptcy judge's findings of fact will not be overruled unless the Court finds that they are clearly erroneous. The Court reviews de novo a Bankruptcy Court's conclusions of law on the issues presented in an appeal. In re Isaacman, 26 F.3d 629, 631 (6th Cir.1994). Appellant does not challenge the facts in this case set forth in the Memorandum Opinion of the United States Bankruptcy Court.
The issue before the Court is whether two or more transfers to a single creditor within ninety (90) days of filing a bankruptcy may be added together for the purpose of reaching the $600 minimum of 11 U.S.C. § 547(c)(7) [now § 547(c)(8)]. 11 U.S.C. § 547 provides as follows:
(c) The trustee may not avoid under this section a transfer  . . .
(8) if, in a case filed by an individual debtor whose debts are primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $600.
11 U.S.C. § 547(c)(8). Pursuant to 11 U.S.C. § 547(e)(3), "a transfer is not made until the debtor has acquired rights in the property transferred." Therefore, a transfer of wages pursuant to a garnishment occurs when the debtor actually earns the wages. In re Holdway, 83 B.R. 510, 514 (Bkrtcy.E.D.Tenn. 1988). Defendant concedes that all but one transfer is preferential. Therefore, the only question is whether the transfer in the sum of $565.95 on 6/03/93 can be avoided pursuant to 11 U.S.C. § 547(c)(8).
As of the date of this Memorandum Opinion, this issue has not been addressed by any of the circuit courts or district courts in published opinions. A summary of the current case law is warranted.
The Bankruptcy Court in In re Irvine, 95 B.R. 464 (Bankr.W.D.Ky.1988), indirectly addressed the above issue. The debtor in Irvine filed a Chapter 7 petition in August of 1987. Within ninety (90) days of the filing, the debtor wages were garnished six times by three different creditors totaling about $680. The debtor moved the court to avoid the involuntary transfers and return all monies garnished from the debtor's wages within the ninety (90) day period. The court in Irvine stated, "[i]n the [In re Harville, 60 B.R. 188 (Bankr.W.D.Ky.1986)] case, the Court overruled the debtor's motion to avoid the lien as a preferential transfer under Section 547(c)(7) [now § 547(c)(8)] since the total amount of the transfer was less than the required $600.00. In the instant matter, the transfer to each creditor is less than $600.00." Irvine, 95 B.R. at 465 (emphasis added). The court in Irvine in determining whether any transfers could be avoided indicated that the aggregate of the transfers to each individual creditor would determine whether 11 U.S.C. § 547(c)(7) [now § 547(c)(8)] applied.
The Bankruptcy Court in In re Vickery, 63 B.R. 222 (Bankr.E.D.Tenn.1986) in dicta addressed this issue as follows:

*91 Another likely problem will be several payments, each less than $600, to the same creditor during the preference period. Suppose the debtor makes three monthly installment payments of $500 each during the preference period, and the debt is unsecured or the lien avoided by the trustee. The exception may mean that the payments cannot be recovered even though the creditor was paid $1,500 during the preference period. The answer is not clear.
Id. at 224. The court in Vickery raised the problem that this Court faces today. The court in Vickery did not answer the question, it just posed the question.
In In re Howes, 165 B.R. 270 (Bkrtcy. E.D.Mo.1994), the debtors filed a Chapter 13 Petition on June 21, 1991. Two transfers occurred, one on December 12, 1990, in the amount of $549.68 and one on April 16, 1991, in the amount of $376.13. The Court found that the December 12, 1990, transfer was clearly outside the ninety (90) day period and therefore could not be avoided under the Bankruptcy Code Section. The court held that if there are two payments to the same creditor, less than $600 individually but more than $600 together, and if only one of the payments falls within the ninety-day preference period, the payments are not aggregated, and the second payment falls within the § 547(c)(8) exception.
In In re Alarcon, 186 B.R. 135 (Bankr. D.N.M.1995), the court held that funds garnished by a creditor from the wages of a consumer debtor within ninety (90) days of filing of the bankruptcy petition fall with the exception to preferences credited by § 547(b)(8) where the aggregate amount of the payments exceeds $600 but where no single payment exceeds $600. In support of its decision, the court found that "aggregate" was commonly understood to mean a "combined whole." In addition, the court cited 11 U.S.C. § 102(7) which provides that "the singular includes the plural" which allows "transfer" to be read as "transfers."
In In re Bunner, 145 B.R. 266 (Bankr. C.D.Ill.1992), the court decided as follows:
In this case, each transfer was for less than $600, but the aggregate of the two transfers exceeds the $600 minimum. Under these circumstances, the Court believes that the plain language of § 547(c)(7) mandates that both transfers be added together in determining whether the minimum of $600 has been met. In particular, the Court believes that the reference in the statute to "the aggregate value of all property" supports this conclusion. Any other interpretation of the statute would render the "aggregate" language meaningless.
Id. at 266. See also In re Lewis, 116 B.R. 54 (Bankr.D.Md.1990) (Court allowed debtor to recover $847 of garnished wages, which had been paid to a single creditor in three payments, each less than $600, over the course of seven weeks); In re Passmore, 156 B.R. 595 (Bankr.E.D.Wis.1993) (The Court, citing In re Bunner with approval, denied a debtor recovery of payments made because the payments totaled less than $600); and In re Holdway, 83 B.R. 510 (Bankr.E.D.Tenn.1988) (Court approved the aggregation interpretation, but denied the debtor recovery of payments made because the payments totaled less than $600).
Pursuant to 11 U.S.C. § 547(c)(8), the trustee may not avoid a transfer "if, in a case filed by an individual debtor whose debts are primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $600." The Court finds that each transfer or garnishment where two or more payments, less than $600 individually but more than $600 together, are made to a single creditor within ninety (90) days of the filing a bankruptcy petition may be added together for the purpose of reaching the $600 minimum of 11 U.S.C. § 547(c)(8).
For the foregoing reasons, the grant of summary judgment in favor of Appellee is reversed and summary judgment in favor of Appellant is granted. The Court will enter a separate order consistent with this memorandum opinion.

ORDER
This matter is before the Court on appeal from the United States Bankruptcy Court for *92 the Western District of Kentucky. The Court, having thoroughly reviewed this matter, having set forth its views in a Memorandum Opinion, and being otherwise sufficiently advised,
IT IS HEREBY ORDERED that the grant of summary judgment in favor of Appellee, Credit Bureau Systems, Inc., is REVERSED and summary judgment in favor of Appellant, Russ Wilkey, Trustee, is GRANTED.
This the 9th day of November, 1995.