In re Robert Dwight HOLDWAY, Mary Frances Holdway, Debtors.

Robert Dwight HOLDWAY, Mary Frances Holdway, Plaintiffs,

v.

Thomas E. DUVOISIN, Liquidating Trustee for Southern Industrial Banking Corporation, Defendant.

Bankruptcy No. 3–87–00821.
Adv. No. 3–87–0134.

United States Bankruptcy Court, E.D. Tennessee.

March 3, 1988.

L. Kirk Wyss, Morristown, Tenn., for plaintiffs.

Testerman & Norwood, Mary M. Testerman, Linda Jones Norwood, Knoxville, Tenn., for defendant.

## MEMORANDUM ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

RICHARD S. STAIR, Jr., Bankruptcy Judge.

The debtors seek to recover from defendant, a judgment creditor, the sum of $687.74 as a voidable preference under § 547(b) of title 11. Their right to recovery is premised on 11 U.S.C.A. § 522(h) (West Supp.1987).[1] Plaintiffs and defendant have filed cross-motions for summary judgment.[2]

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(F) (West Supp.1987).

I

Bankruptcy Rule 7056 provides in material part:

### Summary Judgment

. . . .

(c) **Motion and Proceedings Thereon.** . . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

---

1. Section 522(h), incorporating the provisions of § 522(g) into its application, provides:

    (h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—
    (1) such transfer is avoidable by the trustee under section ... 547 ...; and
    (2) the trustee does not attempt to avoid such transfer.

    11 U.S.C.A. § 522(h) (West Supp.1987).
    Section 522(g) provides in material part:
    (g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such

property under subsection (b) of this section if such property had not been transferred, if—
    (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
    (B) the debtor did not conceal such property[.]
    11 U.S.C.A. § 522(g)(1) (West 1979).

2. Plaintiffs filed their motion for summary judgment on January 26, 1988; defendant filed his motion for summary judgment on February 4, 1988. Plaintiffs previously filed a "Motion For Partial Summary Judgment" on December 14, 1987, asserting their entitlement to summary judgment to an "ordinary course of business" defense raised by defendant pursuant to 11 U.S.C.A. § 547(c)(2) (West Supp.1987). Plaintiffs' "Motion For Partial Summary Judgment" was granted on the § 547(c)(2) issue on January 21, 1988.

. . . .

Fed.R.Bankr.P. 7056, adopting Rule 56, Fed.R.Civ.P. "[T]he principal judicial inquiry required by Rule 56 is whether a genuine issue of material fact exists." 10A Wright, Miller & Kane, *Federal Practice and Procedure*, Civil 2d, § 2725, at 75 (1983). "[W]hen the only question is what legal conclusions are to be drawn from an established set of facts, the entry of a summary judgment usually should be directed." *Id.* at 85. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211 (1986).

The undisputed facts determined from the pleadings, a certified copy of the original garnishment card filed by the Circuit Court Clerk for Hamblen County, Tennessee, in that matter designated *"SIBC v. Mary Holdway,"* [3] Case No. 43,653, and affidavits of Jewell Hudgen, Personnel Manager for Lear Seigler Corporation (Lear Seigler), are as follows:

1. The debtors filed their joint voluntary petition under Chapter 7 of title 11 of the United States Code on April 2, 1987.

2. On August 28, 1985, a judgment in the amount of $1,373.95 was entered in defendant's favor in the General Sessions Court for Hamblen County, Tennessee, against the debtor Mary Frances Holdway.[4]

3. After the General Sessions Court judgment became final, defendant, on December 5, 1986, executed on his judgment by levying a garnishment on the earnings of Mary Frances Holdway held by her employer, Lear Seigler.

4. Within ninety days preceding the filing of the debtors' bankruptcy petition, the garnishee, Lear Seigler, paid $687.74 to the Hamblen County General Sessions Court.[5] This entire sum was received by the defendant in partial satisfaction of his judgment.

5. Of the $687.74 received by defendant within the ninety-day preference period, $48.55 was paid by the garnishee on January 2, 1987, a regular payday, from wages earned by Mrs. Holdway from December 22 through 28, 1986; $78.24 was paid by the garnishee on January 9, 1987, a regular payday, from wages earned from December 29, 1986, through January 4, 1987. Of the latter amount, $62.56 is attributable to Mrs. Holdway's earnings from December 29, 1986, through January 1, 1987.[6]

6. Of the $687.74 paid by the garnishee and received by defendant, $576.73 is attributable to wages earned by Mrs. Holdway during the ninety days preceding the filing of the joint bankruptcy petition.[7]

## II

Defendant, relying on Bankruptcy Code § 547(c)(7), contends he is entitled to summary judgment as a matter of law. Section 547(c)(7), containing an exception from § 547(b), provides in material part:

---

**3.** The garnishment card identifies the plaintiff in the state court proceeding as "SIBC," an acronym for Southern Industrial Banking Corporation. The record in the case sub judice does not clearly reflect whether the state court action was commenced by the defendant or Southern Industrial Banking Corporation, his predecessor in interest. As defendant is the ultimate beneficiary of the judgment, resolution of this issue is not material and defendant will be deemed the plaintiff in the state court proceeding.

**4.** The date and amount of the judgment do not appear in the record, but were stipulated by the parties during oral argument.

**5.** The ninety-day preference period commenced January 2, 1987.

**6.** Mrs. Holdway was employed by Lear Seigler from December 1, 1986, through March 7, 1987, at an hourly rate of $9.82. She was paid each Friday for wages earned during the week ending the previous Sunday. The $48.55 and $62.56 paid by Lear Seigler Corporation on January 2 and 9, 1987, respectively, although received by defendant within the ninety-day preference period, undisputedly represent wages earned by Mary Frances Holdway more than ninety days prior to the filing of her bankruptcy petition.

**7.** Under Tennessee law, a garnishment constitutes a lien on all earnings due at the time of the service of the execution. The lien continues as to subsequent earnings for 3 calendar months after service of the execution. Tenn.Code Ann. § 26–2–214 (1980). *See* pp. 513–14, *infra.*

(c) The trustee may not avoid under this section a transfer—

. . . .

(7) if, in a case filed by an individual debtor whose debts are primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $600.

11 U.S.C.A. § 547(c)(7) (West Supp.1987).

The debts scheduled by the debtors are primarily consumer debts.[8] It is clear that of the $687.74 paid by the garnishee and received by defendant within the ninety-day preference period the sum of $111.11 is attributable to wages earned by Mary Frances Holdway outside the ninety days.

Section 522(h) of title 11 provides for the avoidance by a debtor under the provisions of § 547 of "a transfer of property of the debtor ... to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer...."[9] Mrs. Holdway satisfies the statutory criteria: the garnishment was an involuntary transfer; Mrs. Holdway did not conceal the wages; the debtors claimed the garnished wages as exempt; and the trustee did not file a complaint to avoid the transfers. *See Cobb v. Household Fin. Corp. (In re Cobb)*, 17 B.R. 687 (Bankr.E.D.Tenn.1982) (trustee of a Chapter 7 debtor could, pursuant to § 547(b), recover wages earned and withheld within the ninety-day period prior to bankruptcy, and where trustee did not do so debtor could avoid transfer under § 522(h)). The debtor, Mary Frances Holdway, armed with the § 547(b) avoidance powers afforded her by § 522(h), is, however, limited to the recovery of transfers that occur within ninety days of bankruptcy. 11 U.S.C.A. § 547(b)(4)(A) (West Supp. 1987).[10]

The defendant contends that only those garnished wages earned by Mrs. Holdway within the ninety-day preference period, $576.73, are within the ambit of § 547(b). He therefore asserts he is entitled to summary judgment under the § 547(c)(7) exception as $111.11 of the $687.74 paid by the garnishee represents wages earned outside the ninety days. The debtors contend that for § 547(b) purposes the transfer of the $687.74 occurred at the time Mrs. Holdway was entitled to receive payment of her wages regardless of when those wages were actually earned. According to the debtors, the $687.74 in garnished wages having been paid by the garnishee on regular paydays on and after January 2, 1987, the transfer of the entire sum occurred within the ninety days notwithstanding that $111.11 of these wages were earned prior to January 2, 1987.

III

Section 547(e) of title 11 provides in material part:

(e)(1) For the purposes of this section—

. . . .

(B) a transfer of a fixture or property other than real property is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee.

. . . .

(3) For the purposes of this section, a transfer is not made until the debtor has acquired rights in the property transferred.

. . . .

11 U.S.C.A. § 547(e) (West 1979 & Supp. 1987).

Subsection (4) of Tenn.Code Ann. § 26–2–214 (1980)—**Garnishment of compensation due from employer.**—provides:

---

8. This fact is not evident from the record; however, the court, from a review of the statement of affairs and schedules filed by the debtors in their bankruptcy case, takes judicial notice that the debts of these joint debtors are "primarily consumer debts." Fed.R.Evid. 201.

9. *See* n. 1, *supra.*

10. This ninety-day period is extended to one year for transfers to "insiders." 11 U.S.C.A. § 547(b)(4)(B) (West Supp.1987).

(4) To the extent of the amount due upon the judgment and costs, the employer garnishee shall hold, subject to the order of the court, any non-exempt wages due or which subsequently become due. The judgment or balance due thereon is a lien on salaries, wages, or other compensation due at the time of the service of the execution. Such lien shall continue as to subsequent earnings until the total amount due upon the judgment and costs is paid or satisfied, or until the expiration of the employer's payroll period immediately prior to three (3) calendar months after service of the execution, whichever occurs first. Such lien on subsequent earnings shall terminate sooner if the employment relationship is terminated or if the underlying judgment is vacated or modified[.]

■ For purposes of § 547(e)(3), this court, concurring with Judge Paine's conclusions in *Eggleston v. Third Nat'l Bank (In re Eggleston)*, 19 B.R. 280 (Bankr.M.D. Tenn.1982), has held that a transfer of wages pursuant to a garnishment occurs when the debtor actually earns the wages, for it is only when the wages are earned that the debtor acquires rights in those wages. *Button v. Noe (In re Button)*, 29 B.R. 118 (Bankr.E.D.Tenn.1983). Accordingly, any transfer pursuant to garnishment, for the purposes of § 547, cannot occur until the debtor acquires rights in the wages notwithstanding that the garnishment was served outside the ninety-day period preceding the filing of the bankruptcy petition.

Judge Lundin, responding to an argument that *Eggleston* is incorrect for the reasons stated in two circuit decisions rendered since *Eggleston*,[11] after a thorough analysis of Tennessee's garnishment law, recently concluded:

[W]e reaffirm *Eggleston* by holding that (1) under Tennessee law the debtor retains an interest in wages subject to a garnishment lien which constitutes "property" for § 547 purposes; and, (2) under § 547(e)(3) a transfer takes place when the debtor acquires an interest in the wages—when they are actually earned or when the debtor becomes entitled to the wages.

*Perry v. Gen. Motors Acceptance Corp. (In re Perry)*, 48 B.R. 591, 600 (Bankr.M.D. Tenn.1985). This court continues to adhere to the rationale of *Eggleston* as expanded upon by *Perry*.

■ *Eggleston* and *Perry* do not, however, address the issue the court is called upon to decide, i.e., the status under § 547(b) of wages earned and garnished outside the preference period, but not paid by the garnishee to the judgment creditor until a payday falling within the ninety-day period.

Subsection (4) of Tenn.Code Ann. § 26–2–214 (1980) fixes a lien on all earnings of a judgment debtor for three (3) calendar months after service of the garnishment. Applying the principles espoused in *Eggleston* and *Perry* to the lien fixed under the provisions of this statute, the $48.55 in garnished funds paid by Lear Seigler on January 2, 1987, and $62.56 of the garnished funds paid by Lear Seigler on January 9, 1987, became impressed with the lien of defendant's garnishment at the time Mrs. Holdway earned these funds, December 22 through 28, 1986, and December 29, 1986, through January 1, 1987, respectively.

Under § 547 a transfer is "perfected" on property other than real property "when a creditor on a simple contract cannot acquire a judicial lien that is superior to the

---

**11.** The Circuit Courts of Appeals for the 11th and 7th Circuits, construing Georgia and Indiana law, respectively, have held that when a summons or order of garnishment is served outside the ninety-day preference period, a lien attaches to the debtor's wages, present and future, from the date of service of the garnishment summons or order, and thus wages earned and garnished within the ninety-day period are not recoverable as preferences. *Askin Marine*

*Co. v. Conner (In re Conner)*, 733 F.2d 1560 (11th Cir.1984) and *In re Coppie*, 728 F.2d 951 (7th Cir.1984), *cert. denied, sub nom. Gouveia v. Hammond Clinic*, 469 U.S. 1105, 105 S.Ct. 777, 83 L.Ed.2d 772 (1985). *See also Riddervold v. Saratoga Hosp. (In re Riddervold)*, 647 F.2d 342 (2nd Cir.1981) (execution of a garnishment created a "continuing levy" that terminated all property interests that a debtor would obtain in his future wages).

interest of the transferee." 11 U.S.C.A. § 547(e)(1)(B) (West 1979). Defendant's garnishment lien attached to Mrs. Holdway's wages at the time they were earned; hence, no contract creditor could thereafter obtain a superior judicial lien under Tennessee law. Tenn.Code Ann. § 26–2–214(5) (1980).[12]

The court concludes that for purposes of § 547 the defendant received transfers totalling $576.63 within ninety days before the debtors filed their bankruptcy petition; he received transfers totalling $111.11 outside the ninety-day period.

The language of § 547(c)(7), when applied to the instant case, is clear. The "transfer" being less than $600.00, the § 547(c)(7) exception applies and defendant's motion for summary judgment must be granted. The court need not consider plaintiffs' summary judgment motion as the granting of defendant's motion necessitates a dismissal of plaintiffs' complaint.

This Memorandum constitutes findings of fact and conclusions of law required by Fed.R.Bankr.P. 7052.

12. Subsection (5) of Tenn.Code Ann. § 26–2–214 (1980) provides: "A lien obtained hereunder shall have priority over any subsequent liens obtained hereunder. Subsequent execution shall be effective for the successive calendar month periods in the order in which they are served."