**In re DA–SOTA ELEVATOR CO. f/k/a Dakota–Minnesota Elevator Co., Debtor.**

**Wayne DREWES, Bankruptcy Trustee for Da–Sota Elevator Co., Plaintiff,**

v.

**MINNESOTA ELEVATOR, INC., Defendant.**

**Bankruptcy No. 89–05903.**
**Adv. No. 90–7076.**

United States Bankruptcy Court, D. North Dakota.

Jan. 25, 1991.

Wayne Drewes, Fargo, N.D., Trustee/plaintiff.

Kip M. Kaler, Fargo, N.D., for plaintiff.

Robert L. McConn, Grand Forks, N.D., for defendant.

## MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The matters before the court are competing Motions for Summary Judgment filed by Wayne Drewes, plaintiff/trustee for the Estate of Da–Sota Elevator Company on December 7, 1990, and the defendant, Minnesota Elevator, Inc., on December 17, 1990. By Complaint filed September 28, 1990, and premised upon section 547 of the Bankruptcy Code, the trustee seeks the recovery of alleged preferences made to the defendant, Minnesota Elevator, Inc., via pre-petition garnishment proceedings instituted by the defendant. The defendant, Minnesota Elevator, Inc., generally denies the trustee's allegations and affirmatively alleges that both garnishments were commenced prior to the ninety day preference period and therefore, are unavoidable by the trustee. The following will constitute this court's findings of fact and conclusions of law.

### Findings of Fact

1.

The facts of this case are not in dispute and are submitted by a joint "Stipulation of Fact" signed by the attorneys for the respective parties. The facts as admitted by stipulation are as follows:

1. Minnesota Elevator, Inc., obtained a Judgment against Da–Sota Elevator Company, Inc., in District Court for Grand Forks County, North Dakota, on October 17, 1988, in the amount of $65,478.36.

2. On July 20, 1989, Minnesota Elevator, Inc., served a Garnishee Summons and Notice to Defendant and Garnishment Disclosure on Baukol Builders, Garnishee.

3. G. M. Baukol, as Office Manager of Baukol Builders, completed the Garnishment Disclosure served upon them on July 20, 1989, by indicating that at the time of service of the Garnishee Summons, the amount of money due and owing Da–Sota Elevator Co. was $22,230.00.

4. The Grand Forks County Sheriff personally served upon Baukol Builders an Execution and Notice of Levy on August 11, 1989.

5. The Grand Forks County Sheriff personally served Da–Sota Elevator Company a copy of the Execution and Notice of Levy which had been served on Baukol Builders by personally serving said documents upon Dick Benson, Vice–President of Da–Sota Elevator Company, on August 15, 1989.

6. Pursuant to the Execution and Notice of Levy, Baukol Builders paid to the Grand Forks Sheriff the sum of $17,100.00 on September 20, 1989.

7. On October 16, 1989, Grand Forks County issued a check in the amount of $16,875.00 to McConn Law Firm, attorneys for Minnesota Elevator, Inc., representing the proceeds of the Execution and Levy against Baukol Builders, less $225.00 retained by the County as Sheriff's fees for said Execution.

8. Da–Sota Elevator Company filed a Chapter 7 Bankruptcy Petition with the Bankruptcy Court for the District of North Dakota on November 22, 1989.

9. Minnesota Elevator, Inc., served Meinecke–Johnson Company a Garnishee Summons and Notice to Defendant and Garnishment Disclosure on August 10, 1989.

10. Kenneth O. Aune, as Treasurer of Meinecke–Johnson Company, completed the Garnishment Disclosure served upon them on August 10, 1989, by indicating that at the time of service of the Garnishee Summons, the amount of money due and owing Da–Sota Elevator Company was $10,791.00.

11. On September 12, 1989, Meinecke–Johnson Company issued a check payable to Da–Sota Elevator Company and Minnesota Elevator, Inc., in the amount of $10,791.00.

12. Subsequent to Meinecke–Johnson Company issuing the check in the amount of $10,791.00, Da–Sota Elevator Company negotiated said check by endorsing said check to the order of Minnesota Elevator, Inc.

13. That the monies received by Minnesota Elevator, Inc., pursuant to its garnishments served on Baukol Builders and Meinecke–Johnson Company were paid on account of an antecedent debt owed Minnesota Elevator, Inc., by the debtor, Da–Sota Elevator Company, Inc.

The trustee alleges that amounts received by the defendant, Minnesota Elevator, from Baukol Builders and Meinke–Johnson on October 16, 1989, and September 12, 1989, respectively, were transfers of the Debtor's property made within ninety days before the filing of the petition on account of an antecedent debt and therefore, constitute avoidable preferences pursuant to § 547 of the Bankruptcy Code. It is clear from the stipulated facts the transfer was made on account of an antecedent debt. Therefore, the court must determine whether there was a transfer of the Debtor's property made within ninety days before the filing of the petition.

*Discussion*

1.

Whether there was a transfer of the Debtor's property made within ninety days of the filing, turns upon whether a lien was created in the garnished funds upon the service of the garnishment summons and disclosure statements which were outside of the requisite ninety day preference period. Therefore, based upon the facts, the dispositive issue in these present motions is whether, pursuant to North Dakota law, a lien is created in garnished funds upon service of the garnishment summons and disclosure.

The North Dakota Supreme Court has never decided this issue. However, there are numerous cases in other jurisdictions which have analyzed their particular state law to decide the same question.[1] While the court takes notice of the reasoning in the majority of cases holding that a lien is created upon service of garnishment summons, the court is cognizant that the statutes interpreted in those cases, while similar, are not identical to the North Dakota garnishment statutes. The trustee, in relying on a law review article interpreting the North Dakota garnishment provisions, urges this court to find that the North Dakota garnishment statutes do not create a lien by service of garnishment summons. *See* Lawrence, *North Dakota's New Rules Respecting Garnishment and The Property Exempt Therefrom,* 58 N.D.L.R. 183 (1982). The defendant, Minnesota Elevator, Inc., contends that the court should adopt the modern majority view that a lien is created in the debtor's property upon the service of a garnishment summons and disclosure statement.[2] Because the North Dakota garnishment statutes don't explicitly create a lien, this court must determine, by the nature and character of the statutes, whether the Legislature intended a lien be established implicitly upon the service of the garnishment summons and disclosure

---

1. *See e.g., In re Latham,* 823 F.2d 108, 110 (5th Cir.1987) (according to Texas case law lien attaches from the date of service of the summons); *In re Conner,* 733 F.2d 1560 (4th Cir. 1984) (Georgia law, a lien attaches to garnish funds upon service of the summons of garnishment); *In re Coppie,* 728 F.2d 951, 953 (7th Cir.1984) (garnishment order issued ninety days before filing did not constitute preferential transfer); *In re Riddervold,* 647 F.2d 342 (2nd Cir.1981) (payments to creditor pursuant to garnishment were not preferences); *In re Lucas,* 107 B.R. 332, 335 (Bankr.D.N.M.1989) (lien attached when writ of garnishment was served);

*In re T.B. Westex Foods,* 96 B.R. 77 (Bankr. N.D.Tex.1989) (lien on assets took place on date of service of garnishment); *In re Holdway,* 83 B.R. 510, 514 (Bankr.E.D.Tenn.1988) (not recoverable as preference).

2. *See* Lawrence, *North Dakota's New Rules Respecting Garnishment and The Property Exempt Therefrom,* 58 N.D.L.R. 183, 195 (1982). The modern rule appears to be that a lien is created by a garnishment, even though there has been no levy by the sheriff. *Id. See supra* n. 1.

statement. This decision is not solely based upon bankruptcy law because the event that triggers perfection or transfer for bankruptcy purposes is determined pursuant to state law.

### 2.

Preferences are governed by section 547 of the Bankruptcy Code and the trustee must prove, by a preponderance of the evidence, the following elements:

1. a transfer of the debtor's property;
2. made within ninety days before the date of petition filing;
3. made to or for the benefit of the creditor;
4. on account of an antecedent debt;
5. while the debtor was insolvent;
6. which enabled the creditor to receive more than it would have received in a Chapter 7 liquidation if the transfer had not been made.

*In re Gilbertson,* 90 B.R. 1006, 1009 (Bankr.D.N.D.1988) (citing *In re Hoggarth,* 78 B.R. 1000, 1001 (Bankr.D.N.D.1987)); 11 U.S.C. § 547. The only element of consequence in this case is whether there was a transfer of the Debtor's property within the ninety days before the date of petition filing. As previously established, this turns upon the issue of whether pursuant to North Dakota law a lien is created upon service of a garnishment summons and disclosure.

### 3.

Garnishment proceedings are governed by North Dakota Century Code ch. 32–09.1 entitled "Garnishment". *See* N.D.Cent. Code ch. 32–09.1 et seq. The North Dakota garnishment statutes do not state whether any kind of lien is created upon the issuance or service of a writ of garnishment. *See* N.D.Cent.Code ch. 32–09.1 (Supp.1989). Garnishment is considered a judicial remedy and is specifically designated a "provisional remedy" in a civil action. *See* N.D.Cent.Code § 32–01–10.

The general provisions regarding liens are contained in North Dakota Century Code ch. 35–01. *See* N.D.Cent.Code ch. 35–01. Pursuant to North Dakota law a *lien* is defined as "a charge imposed upon specific property by which it is made security for the performance of an act." N.D.Cent. Code § 35–01–02 (1987). Practically speaking, a garnishment's purpose is very similar to that of a lien. The garnishment summons requires a garnishee to withhold property for the benefit of a judgment creditor in order that a judgment creditor be satisfied. Generally, garnished property is to be released if the judgment creditor is satisfied with other property or by agreement of the parties. Likewise, a lender's reason for obtaining a lien on property is to gain assurance of debt repayment. A lien on property is generally released upon repayment of the obligation on loan. If the obligation is not repayed, the lender may have the right to have the property turned over for debt satisfaction. Thus, the court concludes that the reason a judgment creditor initiates garnishment proceedings is quite similar to the reason a lender obtains a lien on property.

North Dakota law provides that a judgment creditor may proceed by garnishment against any person after securing a judgment against such person in a court of competent jurisdiction. N.D.Cent.Code § 32–09.1–02 (Supp.1989). Once served with a proper garnishment summons and disclosure, the garnishee *must* retain all non-exempt property or money owed to the debtor from the date of service of the garnishment summons. N.D.Cent.Code § 32–09.1–07 (Supp.1989) [Emphasis added.] Furthermore, the garnishor is given priority over any assignee of wages or indebtedness to the garnishee made by the debtor incurred within ten days prior to the receipt of notice of garnishment. N.D.Cent.Code § 32–09.1–07.

Pursuant to North Dakota law, the garnishee must withhold from the day the garnishment summons and disclosure is served, any money or property he/she owes to the judgment debtor. N.D.Cent. Code § 32–09.1–07 (Supp.1989). Failure to disclose or withhold such money or property may make the garnishee liable to the plaintiff/garnishor for the amount owed by the judgment debtor to the garnishor. *Id.* The garnishee is required to withhold the

money or property for 180 days from the date of service of the summons. *Id.* The money or property must be held by the garnishee until a writ of execution is served, an agreement for payment is reached by the parties, or the lapse of 180 days. *Id.* At the conclusion of the 180 days, the funds may be returned to the judgment debtor if none of the above conditions has occurred. *Id.* Moreover, in the determination of this issue, the court finds most instructive North Dakota Century Code § 32–09.1–21. Section 32–09.1–21 in pertinent part provides:

> **Continuing Lien on Wages.** A plaintiff may obtain a sixty day continuing lien on wages by garnishment. If a lien is to be obtained the plaintiff shall mark on the caption of the garnishee summons "continuing lien" and all disclosure forms must include the following: garnishee will continue to hold the non-exempt portion of the defendant's earnings as they accrue through the last payroll period ending on or before sixty days from the effective date of the garnishee summons, or until the sum equals the amount stated in the garnishee summons, or until the employment relationship terminates, whichever first occurs. At the time of the expected termination of the lien, the plaintiff shall mail to the garnishee an additional copy of the disclosure form upon which the garnishee within ten days shall make further disclosure.

N.D.Cent.Code § 32–09.1–21 (Supp.1989). It logically follows that if a garnishee is given a "continuing lien" in wages that there must be an initial *lien* to continue. One cannot have a "continuing lien" without having a prior lien. Moreover, the only act or process which could trigger the lien is the service of the garnishment summons and disclosure statement.[3]

The trustee argues that no lien arises upon service of the garnishment disclosure because, the judgment creditor must still execute on the funds in order to receive them. However, an execution, in this in-

stance, is merely the physical means of obtaining the funds or property. The execution is not the act which removes the property from the control of the debtor. The garnishment summons and disclosure requires the garnishee to withhold property of the debtor. The judgment debtor loses control of the property until satisfaction of the underlying debt or the expiration of 180 days whichever is less. The execution required in ch. 32–09.1 is merely the physical process by which the judgment creditor obtains the funds withheld for his or her benefit. Therefore, the execution and levy is not a transfer of the debtor's property. The garnished funds or property have been removed from the debtor's control by the garnishment summons and disclosure and will remain so for at least 180 days. *See* N.D.Cent.Code ch. 32–09.1.

The subject funds had been earned by the Debtor well outside the ninety day preference period. Moreover, as to Baukol Builders, the defendant, Minnesota Elevator, had served an execution upon the garnishee well outside the ninety day preference period. The defendant was the only one entitled to that money at that time. Therefore, the mere receipt of the money within the preference period does not constitute an avoidable transfer pursuant to section 547.

The check from Meinecke–Johnson, issued to both the Debtor and Da–Sota Elevator on September 12, 1989, was within the ninety day preference period. Notwithstanding the Debtor's endorsement of a check to Minnesota Elevator Company the transfer of the Debtor's property occurred outside of the ninety day preference period when Meinecke–Johnson was served with the garnishment summons and disclosure. The Debtor was not entitled to the funds issued by check payable to both the defendant and the Debtor. None of the conditions contained in ch. 32–09.1 which allow the judgment debtor to have the funds returned had occurred. The Debtor's mere

---

**3.** The court recognizes that the continuing lien is only for wages. However, it is the court's position that it is the nature of wages that allow it the special "continuing lien". While the con-

tinuing lien does not apply in the present case, it suggests an implicit lien is created upon service of garnishment summons and disclosure.

negotiation of the check during the ninety day preference period in this instance, does not constitute a transfer of the Debtor's property. Therefore, because the transfers of the Debtor's property had occurred outside of the ninety day preference period the monies received by the defendant in the amount of $16,875.00 and $10,791.00 do not constitute avoidable preferences.

The trustee also argues that because ch. 32–09.1 does not give the garnishee any priority rights over other judgment creditors, that no lien is created. Priority rights may be dealt with in other ways such as first in time, first in right.[4] Any other potential garnishors would have notice of prior garnishors because the disclosure statement would reveal the interest to subsequent garnishors. *See* N.D.Cent.Code § 32–09.1–09 (Supp.1989). Therefore, the court believes that ch. 32–09.1's failure to provide priority for competing garnishors does not establish that North Dakota Century Code ch. 32–09.1 does not create a lien in specific property.

Therefore, because no transfer of the Debtor's property occurred within ninety days prior to the filing of the petition for relief there was no avoidable preference pursuant to section 547. Accordingly, the trustee's Motion for Summary Judgment is DENIED. The defendant Minnesota Elevator's Motion for Summary Judgment is GRANTED and the plaintiff's Complaint is hereby DISMISSED.

Let judgment dismissing the plaintiff's Complaint be entered accordingly.

SO ORDERED.

**4.** *See* Lawrence, *North Dakota's New Rules Respecting Garnishment and The Property Exempt Therefrom,* 58 N.D.L.R. 183, 195 (1982). The fact that the statute does not speak to the priorities between garnishors, does not make the problems insurmountable. The "first in time, first in right" rule can take care of priority problems. *Id.*